UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MONEYCORP US, INC. &
MONETA TOPCO LIMITED,

        *Plaintiffs*,

v.

MICHAEL USMAR &
MONEX INC. d/b/a Monex USA,

        *Defendants*.

C.A. No. 1:24-cv-00418-JJM-PAS

## STIPULATED TEMPORARY RESTRAINING ORDER

WHEREAS, Plaintiffs Moneycorp US, Inc. ("Moneycorp") and Moneta Topco Limited ("Moneta") (collectively "Plaintiffs") and Defendants Michael Usmar ("Usmar") and Monex Inc. ("Monex") (collectively "Defendants"), by and through their attorneys, do HEREBY STIPULATE AND AGREE as follows and request that this Court enter this Stipulated Order ("Order").

Therefore, upon application of the Parties, it is hereby ORDERED as follows:

1. Definitions, for the purpose of this Order only:

    a. "Effective Date" means the date of the signatures of the Parties' attorneys on this Stipulation;

    b. "Moneycorp Client(s)" means anyone, individual or corporate entity, known to Defendants to be a client of Moneycorp (*i.e.*, those with an open account with Moneycorp), as of the Effective Date.

    c. "Excluded Client(s)" means any Moneycorp Client that meets any of the following criteria:

-1-

    i.   Has been onboarded by Defendant Monex as its client as of the Effective Date, meaning to have an account open and the client is able to trade;

    ii.   Was a Monex client prior to June 3, 2024; or

    iii.   Is a Prospective Client.

d.   "Plaintiffs' Materials" means Plaintiffs' confidential and/or proprietary information relating to the business of Plaintiffs and Moneycorp Clients in Defendants' possession, custody, or control, if any.

e.   "Prospective Client" means any Moneycorp Client for which Monex has information, contact or otherwise, for that individual or corporate entity not derived from Usmar prior to June 3, 2024, who has been subject of solicitation by Defendants prior to the Effective Date. Defendants shall provide Plaintiffs' counsel with a list (the "List") identifying the Prospective Clients within one (1) week of the entry of this Order.  The List shall be marked "For Attorneys' Eyes Only", shall be viewed only by counsel for the Plaintiffs (unless and until further Order of this Court), and shall remain confidential to this litigation and not used for any purpose other than ensuring compliance with the terms of this Order.  The List shall be destroyed or returned to counsel for Monex at the conclusion of this litigation or upon the dissolution of this Order, whichever occurs first.  Should any Party seek to file the List with the Court, that Party shall do so only pursuant to the Court's procedures for the filing of sealed documents.

f.   "Solicitation" means any oral or written communication made by Usmar and/or Monex's employees, independent contractors, and/or agents, to entice a Moneycorp Client (other than an Excluded Client) to engage with Monex in any business (e.g., money transmission services, foreign exchange), directly (e.g.,

-2-

spots, forwards, and options) or indirectly (e.g., through introducing brokers and referral partnerships), that both Monex and Moneycorp offers in the marketplace.

2.      With the sole exceptions of any Moneycorp Client that meets the definition of "Excluded Client" with the meaning of ¶ 1.c.i or ii, above, Usmar is temporarily enjoined and restrained from making any Solicitation, or otherwise making contact, directly or indirectly, to any Moneycorp Client (including any Prospective Client within the meaning of ¶ 1.c.iii, above).

3.      Monex is temporarily enjoined and restrained from making any Solicitation to any Moneycorp Client other than an Excluded Client.

4.      The Defendants and all those acting in concert with them or on their behalf, are required to immediately cease and desist from any use or disclosure of, or copying of, any of the Plaintiffs' Materials.

5.      With the sole exceptions of any Moneycorp Client that meets the definition of "Excluded Client" with the meaning of ¶ 1.c.i or ii, above, Usmar is temporarily enjoined and restrained from directing or advising any other Monex agent, employee, or anyone else acting in concert with or on behalf of Monex to make any such Solicitation to any such Moneycorp Client (including any Prospective Client within the meaning of ¶ 1.c.iii, above), from facilitating or aiding any such Solicitation to any such Moneycorp Client, and from causing any individual to perform any act that Usmar is prohibited from engaging in himself under the terms of this Order.

6.      Notwithstanding the foregoing, Monex is not precluded from making any solicitation to any Excluded Client using contact information that Monex had already possessed prior to June 3, 2024, or that it developed independently of Usmar.  Monex may not, however, use any of the Plaintiffs' Materials or its current employment relationship with Usmar in furtherance of developing business with a Prospective Client.

7.      Usmar may not use any of the Plaintiffs' Materials for any purposes.

-3-

8.      For the duration of this Order, Monex may receive and respond to any communication originating from Excluded Clients to whom Monex made a solicitation before June 3, 2024.  Monex may also respond to any communication initiated to Monex after June 3, 2024, by any Excluded Client that is not in response to a Solicitation.  However, at no time shall Monex use the Plaintiffs' Materials or otherwise consult with, or involve Usmar in any contact, communication, or servicing of the individuals or corporate entities contemplated within this paragraph.

9.      Monex shall prohibit any and all Monex employees, independent contractors, agents, and all those acting in concert with Monex or on Monex's behalf from any access to any of Plaintiffs' Materials.  This Paragraph does not apply to Defendants' attorneys (retained or in-house) appearing in or otherwise involved with this litigation.

10.     No portion of this stipulation shall be construed to prevent Defendants from continuing their normal marketing activities soliciting the public (e.g., search engine marketing) or from responding to any communication or inquiry to Monex made in response to such normal marketing activities to any individual or corporate entity that is not a Moneycorp Client. However, and with the exceptions of any Moneycorp Client that meets the definition of "Excluded Client" with the meaning of ¶ 1.c.i or ii, above, Usmar may not include any Moneycorp Client or Prospective Client on any marketing related distribution lists including, without limitation, direct mail, email, SMS, and MMS, while this Order is in effect. Notwithstanding the foregoing sentence, Monex may include any Excluded Client on any marketing-related distribution list, but such communication may only be directed, sent, or made to contact information possessed by Monex prior to June 3, 2024 and not otherwise derived from Usmar.

-4-

4889-5366-6804.2

11.     The obligations in this Order shall survive the termination of Usmar's employment with Monex.

12.     This Order shall remain in full force and effect until the earlier of 1) this Court enters an Order rendering a decision on the Plaintiffs' pending Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3); or 2) a resolution of this matter on the merits or by settlement has been reached.  Either Party may request a hearing on the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction at any time.  In the event that such a hearing is requested, the Court will schedule a conference with counsel to discuss the issues to be decided by the Court and to set a briefing schedule.

13.     The Parties understand and agree that they have submitted this Order to maintain the status quo.  As such, the Parties' agreement and the Court's entry of this Stipulation and Order does not constitute an admission by any Party with respect to any legal or factual issue and is without prejudice to the availability of any claim or defense by any Party, all of which are hereby reserved.

14.     The Court shall enter a separate order referring the Parties to mediation with Magistrate Judge Sullivan.

15.     The deadline for the Defendants to answer or otherwise respond to the Complaint is extended from November 8, 2024, up through and including December 16, 2024, or to fourteen (14) days after the conclusion of mediation with Judge Sullivan, whichever date is later.

4889-5366-6804.2

## **ORDER**

This matter having come before the Court upon the Stipulation of the Parties hereto and the Court having reviewed the Stipulation of the Parties and being fully advised, it is hereby Ordered that the terms of the Stipulation of the Parties set forth above is hereby entered as an Order of this Court.

It is so ordered.

Signed this _____ day of November 2024.

_____
Chief Judge John J. McConnell, Jr.
United States District Judge

-6-

4889-5366-6804.2

IT IS SO STIPULATED.

| | |
|---|---|
| Plaintiffs,<br>MONEYCORP US, INC. and<br>MONETA TOPCO LIMITED,<br>By their Attorneys, | Defendants,<br>MICHAEL USMAR and<br>MONEX INC. d/b/a MONEX USA,<br>By their Attorneys, |
| /s/ William H. Wynne<br>William H. Wynne (#9020)<br>NIXON PEABODY LLP<br>One Citizens Plaza, Suite 500<br>Providence, RI 02903<br>Tel: 401-454-1127<br>Fax: 844-277-6379<br>Email: wwynne@nixonpeabody.com<br>*Counsel for Plaintiffs* | /s/ Michael E. Jusczyk<br>Michael E. Jusczyk (#7791)<br>Greenberg Traurig<br>One International Place, Suite 2000<br>Boston, MA 02110<br>Tel: 617-310-5297<br>Fax: 617-310-6001<br>Email: michael.jusczyk@gtlaw.com<br>*Counsel for Defendants* |

Dated:  November 4, 2024

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed and served a copy of the within Document via the Court's Electronic Filing System to all counsel of record registered and able to receive Electronic Filings in this case on this 4th day of November, 2024.

/s/ William H. Wynne

4889-5366-6804.2